IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Betty Jane Foster,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Zurich American Insurance Company, et al.,<br><br>　　　　　Defendants. | No. CV-09-8161-PCT-PGR<br><br>ORDER |

Among the motions pending before the Court is the plaintiff's Motion to Amend (First) Amended Complaint and/or to Join a Necessary Party (doc. #12). Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be granted pursuant to Fed.R.Civ.P. 15(a)(2).[1]

Background

This action arises out of personal injuries sustained by the plaintiff on August 16, 2007 when she fell out of a golf cart in which she was a passenger

---

[1] Since the plaintiff has not raised any cogent argument related to joining a necessary party pursuant to Fed.R.Civ.P. 19, the Court construes the motion as only being one pursuant to Fed.R.Civ.P. 15.
　　Although the plaintiff has requested oral argument, the Court concludes that oral argument would not aid the decisional process.

while on the premises of the Yavapai-Apache Nation's Cliff Castle Casino, and from the subsequent conduct of the casino's insurer, Zurich American Insurance Company ("Zurich") and its adjuster, Jani Lehane, related to their handling of the plaintiff's insurance claim.

The plaintiff's Amended Civil Complaint, the current operative complaint, which was filed on August 21, 2009 in the Yavapai County Superior Court, alleged five state law claims against named defendants Zurich and Lehane, all stemming from these defendants' alleged misrepresentations to the plaintiff concerning the statute of limitations applicable to her insurance claim, and one state law negligence claim against fictitiously-named defendant John Doe Driver, the driver of the golf cart. Zurich and Lehane removed the action to this Court based on diversity of citizenship jurisdiction.

The plaintiff filed a lawsuit in the Yavapai-Apache Nation Tribal Court against the Cliff Castle Casino and the Yavapai-Apache Nation and various fictitious defendants arising from the same accident. The tribal court entered an order of dismissal on December 14, 2009, wherein it reasoned that the plaintiff's complaint was time-barred inasmuch as she neither timely complied with the applicable tribal notice of claim requirement or the tribal statute of limitations.

Other motions pending before the Court, which are not being resolved at this time, include Zurich and Lehane's motion to dismiss the amended complaint, and Kenneth Thurman's motion to dismiss.

Discussion

In her pending motion to amend, the plaintiff seeks to file a second amended complaint in part to specifically name Kenneth David Thurman as the previously identified but fictitiously-named "John Doe Driver" as the person who

negligently drove the golf cart in which she was injured; she also seeks to amplify and clarify some of the allegations against Zurich and Lehane. The plaintiff has also filed a contemporaneous motion to remand this case to the Yavapai County Superior Court, wherein she argues that a remand is required pursuant to 28 U.S.C. § 1441(e) should the Court grant the motion to join Thurman as a defendant since his joinder would destroy diversity jurisdiction. Since the proposed addition of Thurman affects the Court's continuing jurisdiction over this action, the Court will concentrate on the propriety of adding him as a defendant.

Rule 15(a)'s policy that leave to amend must be "freely given when justice so requires" must not only be heeded by this Court, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), it must be applied with "extreme liberality." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001), *cert. denied*, 516 U.S. 1051 (1996). The defendants' arguments against allowing the amendment to add Thurman are in effect limited to the Foman factor of futility. While it is clear that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend[,]" Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995), a proposed amendment is futile for purposes of Rule 15(a) "only if no set of facts can be proved under the amendment ... that would constitute a valid and sufficient claim[.]" Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir.1997). In making this determination, the Court must resolve all inferences in favor of granting the motion to amend. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir.1999).

Thurman argues that the plaintiff possesses no valid negligence claim against him (1) because the Court lacks jurisdiction over him inasmuch as he is protected by the Yavapai-Apache Nation's sovereign immunity, (2) because the

plaintiff's claims against him are barred by res judicata given the ruling of the Yavapai-Apache Tribal Court dismissing the plaintiff's claims against the Yavapai-Apache Nation and the Cliff Castle Casino, and (3) because the plaintiff failed to timely comply with the Yavapai-Apache Nation's notice of claim requirement.[2] Based on the limited record before it, the Court cannot conclude at this time that the plaintiff's negligence claim against Thurman is futile for purposes of Rule 15(a).

First, all of Thurman's sovereign immunity and notice of claim-related arguments, as is Zurich and Lehane's subject matter-related futility argument, are based on the contention that he was at the time of the accident an employee of Cliff Castle Casino, and thus an employee of the Yavapai-Apache Nation, acting in his official capacity within the scope of his employment. While that may very well turn out to be the case, there is no evidence in the record before the Court at this time that conclusively establishes such employment as a matter of fact or law. While the Court understands that the plaintiff has alleged "on information and belief" in his various pleadings that Thurman was an employee of Cliff Castle Casino acting within the scope of his employment at the time of the accident, Thurman's employment status is still merely an allegation, and thus speculative, at this time for purposes of the futility doctrine.

Second, the Court cannot determine at this time whether Thurman is entitled to the benefits of res judicata with regard to the tribal court order because

---

[2] Thurman raised these arguments in his motion to dismiss (doc. #34). While the motion to dismiss is premature because the Court has not yet allowed Thurman to be added as a named defendant, the Court has considered the arguments raised therein to the extent that they are relevant to Rule 15(a)'s futility issue.

he was not an actual party to the tribal court action and his privity to the named defendants depends on his employment relationship with the Yavapai-Apache Nation which has not yet been established, and because there is nothing in the Court's record that conclusively establishes that any final judgment in the tribal court action has in fact been entered.

While Zurich and Lehane have also opposed the proposed amendment as it relates to the various state law claims raised against them on the ground of futility, the Court, viewing the inferences raised in the current record in favor of the plaintiff, is not willing to conclude through the mechanism of the motion to amend that none of claims have any substantive merit.[3]

While the Court will permit the plaintiff to file a second amended complaint, the Court cannot conclude at this time that 28 U.S.C. § 1441(e) mandates the remand of this action. While the plaintiff argues that the joinder of Thurman will destroy diversity of citizenship jurisdiction, the Court cannot make that determination based on the plaintiff's proposed Verified Second Amended Civil Complaint as the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of diversity jurisdiction.[4] The Court will therefore

---

[3] The Court is not now making any ruling concerning the merits of Zurich and Lehane's pending motion to dismiss, which is technically directed at the existing amended complaint.

[4] The proposed second amended complaint alleges that each individual party is a "resident" of somewhere notwithstanding that it is black letter law that allegations of residency do not suffice for purposes of 28 U.S.C. § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for

require the plaintiff to file a second amended complaint that properly states a jurisdictional basis, and upon the receipt of that complaint the Court will resolve the plaintiff's pending motion to remand. Therefore,

IT IS ORDERED that the plaintiff's Motion to Amend (First) Amended Complaint and/or Join a Necessary Party (doc. #12), construed solely as a motion pursuant to Fed.R.Civ.P. 15(a), is granted.

IT IS FURTHER ORDERED that the Clerk of the Court shall not file the plaintiff's Verified Second Amended Civil Complaint lodged on October 19, 2009 (doc. #13-1).

IT IS FURTHER ORDERED that the plaintiff shall file a second amended complaint that properly states a jurisdictional basis no later than **May 14, 2010**.

DATED this 4th day of May, 2010.

Paul G. Rosenblatt
United States District Judge

---

the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The proposed second amended complaint also alleges that the corporate party is a "foreign corporation," which is insufficient since a proper allegation of corporate citizenship for purposes of § 1332 requires an affirmative allegation of both the state of corporation and the state in which it has its principal place of business. *See* Montrose Chemical Corp. of California v. American Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir.1997).

The plaintiffs are also advised that the total capitalization of the parties' names in the caption of a complaint violates LRCiv 7.1(a)(3).