**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Jane Foster, | ) ) |
| Plaintiff, | ) ) No. CV-09-8161-PCT-PGR |
| vs. | ) ) (Yav. Co. Sup. Ct. No. 20091294) |
| Zurich American Insurance Company, et al., | ) ) ) ORDER OF REMAND |
| Defendants. | ) ) |

This action arises out of personal injuries sustained by the plaintiff on August 16, 2007 when she fell out of a golf cart in which she was a passenger while on the premises of the Yavapai-Apache Nation's Cliff Castle Casino, and from the subsequent conduct of the casino's insurer, Zurich American Insurance Company and its adjuster, Jani Lehane (collectively "Zurich"), related to their handling of the plaintiff's insurance claim.

Zurich removed this action from the Yavapai County Superior Court solely on the basis of diversity of citizenship jurisdiction. The plaintiff's operative complaint at the time of removal was her Amended Civil Complaint, wherein she named John Doe Driver, the alleged driver of the golf cart, as a fictitious defendant. In an order (doc. #37) entered on May 4, 2010, the Court, in the

exercise of its discretion, granted the plaintiff's Motion to Amend (First) Amended Complaint and permitted her to file a second amended complaint that in part substituted Kenneth David Thurman in place of John Doe Driver. The plaintiff filed her Verified Second Amended Civil Complaint (doc. #38) on May 14, 2009, adding Thurman as a defendant; the second amended complaint is predicated solely on diversity of citizenship jurisdiction. There is no dispute that Thurman is a non-diverse party inasmuch as he and the plaintiff are both Arizona citizens.

Pending before the Court is the plaintiff's Motion to Remand (docs. #15 and #16-1), wherein the plaintiff argues that this action must be remanded pursuant to 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Having considered the parties' memoranda, the Court finds that remand is required under § 1447(e) given the joinder of non-diverse defendant Thurman.[1]

---

[1] On May 19, 2010, Zurich filed a Supplement to Response to Plaintiff's Motion to Remand (doc. #40), wherein it reiterates its previous argument that the plaintiff's attempt to join defendant Thurman constitutes a fraudulent joinder which will not defeat removal on diversity grounds and augments it by the addition of documentary evidence and a declaration purporting to show that Thurman was in fact an employee of the Yavapai-Apache Nation/Cliff Castle Casino at the time the plaintiff was injured. The Court has not considered this supplemental response (or the plaintiff's response thereto (doc. #41)) because (1) Zurich did not seek the Court's permission to file a supplemental response, (2) the submitted evidence could have been submitted prior to the Court's ruling permitting the addition of Thurman, and (3) the doctrine of fraudulent joinder has no dispositive application at this stage of the proceedings. *See* Borden v. Allstate Ins. Co., 589 F.3d 168, 171 (5th Cir.2009) (Court, noting that the fraudulent joinder doctrine permits a court to ignore only those non-diverse parties on the record in the state court action at the time of removal, stated that "once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, the court loses subject matter jurisdiction, and remand is

Although Zurich argues that the motion to remand must be denied because both this Court and the state court lack subject matter and personal jurisdiction over the defendants because such jurisdiction is exclusive to the Yavapai-Apache Nation tribal court, the Court disagrees that a remand pursuant to § 1447(e) is not now mandated.[2] *See* Yniques v. Cabral, 985 F.2d 1031, 1035 (9th Cir.1993) (Once a court permits the post-removal joinder of a non-diverse defendant in an action founded on diversity of citizenship jurisdiction, remand, not dismissal, is required under § 1447(e)); *see also*, Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir.2001) (In discussing 28 U.S.C. § 1447(e), court stated that "[i]f diversity were the only basis for the court's subject matter jurisdiction, joinder of the non-diverse [defendants] would have divested the court of jurisdiction."); Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 674 (1st Cir.1994) ("... Congress has indicated [in § 1447(e)] that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action.") Therefore,

IT IS ORDERED that the plaintiff's Motion to Remand (doc. #15 and #16-1)

---

required pursuant to 28 U.S.C. § 1447(e).") (internal brackets and quotation marks omitted).

[2]

To the extent that the plaintiff argues in her motion to remand that she is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) because Zurich improperly removed this action, the Court disagrees. Removal was proper because defendant Thurman was not a named defendant at the time of removal, defendant John Doe Driver was merely a fictitiously-named defendant whose citizenship was disregarded for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), and the Notice of Removal properly alleged the existence of diversity citizenship as to the named parties.

is granted pursuant to 28 U.S.C. § 1447(e) and that this action is remanded to the Yavapai County Superior Court.[3]

DATED this 1st day of June, 2010.

                                              _____
                                              Paul G. Rosenblatt
                                              United States District Judge

---

[3] Since the Court is remanding this action pursuant to 28 U.S.C. § 1447(e), it is not resolving the two pending motions to dismiss: Zurich's Motion to Dismiss Counts 1-5 of Plaintiff's Amended Complaint, Pursuant to Fed.R.Civ.P. 12(b)(6), for Failure to State a Claim Upon Which Relief may be Granted (doc. #8), and Defendant Kenneth Thurman's Motion to Dismiss (doc. #34).